IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

V.                    Case No. 2:15-cr-20030-PKH-MEF-1

ANTOINE LEBEUX MICHAEL                                       DEFENDANT/PETITIONER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed April 24, 2017. (ECF No. 33). The United States of America filed a response on May 25, 2017. (ECF No. 38). Petitioner filed a reply to the Government's response on June 26, 2017. (ECF No. 39). The matter is ready for Report and Recommendation.

**I. Background**

On October 28, 2015, Defendant/Petitioner, Antoine Lebeux Michael ("Michael"), was named in an Indictment charging him with two counts of knowingly crossing a State line with the intent to engage in a sexual act with a person who had not attained 12 years of age, all in violation of 18 U.S.C. § 2241(c). (ECF No. 1). Michael was arrested on November 24, 2015 (ECF No. 13), and he appeared for arraignment on the same date, whereupon he entered a not guilty plea to each count of the Indictment. (ECF No. 8). James B. Pierce, Assistant Federal Public Defender, was appointed to represent Michael. (ECF Nos. 8, 10). Granted leave of Court (ECF Nos. 14, 15), the Government filed an Amended Indictment (ECF No. 16) on January 21, 2016 which corrected the spelling of Michael's first name.

On January 21, 2016, Michael appeared with his counsel before the Hon. P. K. Holmes, III,

Chief U. S. District Judge, for a change of plea hearing. (ECF No. 17). A written Plea Agreement (ECF No. 18) was presented to the Court, and Michael pleaded guilty to Count One of the Amended Indictment. The Court accepted the plea and ordered a presentence investigation. (ECF No. 17).

An initial Presentence Investigation Report ("PSR") was prepared by the United States Probation Office on February 29, 2016. (ECF No. 20). On March 11, 2016, the Government advised that it had no objections to the PSR. (ECF No. 22). On March 18, 2016, Michael advised that he had three objections to the PSR. (ECF No. 24). Two of Michael's objections concerned enhancements reported in the PSR[1]. Michael objected to the two-level obstruction of justice enhancement[2], and he also objected to the five-level Chapter Four enhancement for engaging in a pattern of activity involving prohibited sexual conduct[3]. A Second Amended Notice of Objections to Presentence Investigation Report was filed by Michael on March 29, 2016; it presented further argument in support of his objection to the five-level Chapter Four enhancement. (ECF No. 27).

On March 31, 2016, a final PSR was submitted to the Court. (ECF No. 28). The Probation Officer addressed Michael's objections in an Addendum to the PSR, and no significant changes were made to the PSR. (ECF No. 28-1). The final PSR determined that Michael's conduct called for a base offense level of 38. (ECF No. 28, ¶ 30). Since the offense involved the use of a computer, the

---

[1] A third objection regarding EMT certification from 1994 through approximately 2010 did not affect the Guidelines calculation.

[2] The Probation Officer found that Michael purposefully employed calculated measures, i.e., encryption, that obstructed investigation of relevant conduct for sentencing purposes. (ECF No. 20, ¶¶ 27, 34).

[3] The PSR reported that during his chats with the investigator, Michael admitted he had sexual contact with two minors, one male and one female. (ECF No. 20, ¶ 38). Michael objected to application of the enhancement on the basis that his statements were fabrications made in the course of role-playing. (ECF No. 24).

offense level was increased by two levels. (ECF No. 28, ¶ 31). A two-level increase was assessed for obstruction of justice. (ECF No. 28, ¶ 34). Due to these enhancements, Michael's adjusted offense level was determined to be 42. (ECF No. 28, ¶ 35). A five-level enhancement was assessed pursuant to USSG § 4B1.5(b). (ECF No. 28, ¶ 38). After a three-level reduction for acceptance of responsibility was made, Michael's total offense level was determined to be 44. (ECF No. 28, ¶¶ 36, 37, 39). Michael's criminal history score of one placed him in criminal history category I. (ECF No. 28, ¶¶ 46-47).

The statutory minimum term of imprisonment for Michael's offense is 30 years and the maximum term is Life. (ECF No. 28, ¶ 78). A total offense level greater than 43 is to be treated as an offense level of 43. U.S.S.G., Commentary to Sentencing Table, Application Note 2. With a total offense level of 43 and a criminal history category of I, Michael's advisory guidelines range was determined to be Life imprisonment. (ECF No. 28, ¶ 79).

Michael appeared for sentencing on May 11, 2016. (ECF No. 30). The PSR was amended in open court to remove the two-level enhancement for obstruction of justice, and the Court determined that Michael's total offense level was 42 and his criminal history category was I, resulting in an advisory guidelines range of 360 months to Life imprisonment. (ECF No. 30; ECF 32, p. 1). The Court imposed a Guidelines sentence of 360 months imprisonment, lifetime supervised release, no fine, and a $100.00 special assessment. (ECF No. 30). Judgment was entered on May 11, 2016. (ECF No. 31). Michael did not pursue a direct appeal.

On April 24, 2017, Michael filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "motion"). (ECF No. 33). The motion raises two grounds for relief: (1) the appeal waiver cannot serve to preclude argument on the issues

raised, or alternatively, the appeal waiver was not validly entered; and, (2) ineffective assistance of counsel for failing to move to dismiss the Indictment on jurisdictional grounds. (ECF No. 33, pp. 3, 4). No supporting facts are stated for either ground in the motion. Attached to the motion is a copy of the signature page of the written Plea Agreement and Michael's Affidavit, sworn under penalty of perjury, that the signature on the Plea Agreement "is not my signature." (ECF No. 33, pp. 10-11).

A Memorandum of Law in Support of Motion Under 28 USC Section 2255 was also filed by Michael on April 24, 2017. (ECF No. 35). In it, Michael alleges the Plea Agreement "was unlawfully intered (sic) and not made voluntarily and without understanding of the consequences of the plea and the charged indictment." (ECF No. 35, p. 1). Michael asserts the same grounds as stated in his motion, but he further states under Ground One that "the district court was in error in calculating the appropriate guidelines sentence range . . .," and "the court issued an unreasonable sentence withing (sic) the improperly calculated guideline range . . ." (ECF No. 35, p. 4). Michael claims "[c]ounsel had an opportunity to have the illegally obtained waiver [of appeal] dismissed prior to sentencing, yet counsel failed to grasp this chance[,]" and "the Petitioner was prejudiced by this failure as he was convicted and sentenced upon an Unconstitutional Plea'd (sic) Agreement." (ECF No. 35, p. 6). He again avers that the Plea Agreement has an "unknown signature" and that "counsel failed to advise the court of the errouces (sic) plea agreement." (Id.).

Regarding his second ground for relief, Michael asserts the Court should dismiss the Indictment because 18 U.S.C. §§ 2241(c), 2251, 2251A and 2253 are "Unconstitutional on their face and as applied to Petitioner." (ECF No. 35, p. 7). He argues these statutes "exceed congress's power

to legislate under the commerce clause . . .," and after focusing his discussion on § 2252A[4], he asserts that the Indictment "does not explain how the defendant actually traveled at any time Interstate Commerce . . ." (Id.). Finally, Michael contends his counsel had an opportunity to raise the Commerce Clause issue to seek dismissal of the Indictment, and that the failure to do so resulted in his conviction and sentence "upon an [I]ndictment that should not have resulted in the Plea-Agreement." (ECF No. 35, p. 11).

As with his motion, no supporting facts are stated in Michael's Memorandum of Law.

The United States' response in opposition to the motion was filed on May 25, 2017. (ECF No. 38). Michael filed a reply on June 26, 2017. (ECF No. 39).

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C.

---

[4] 18 U.S.C. § 2252A prohibits certain activities relating to material constituting or containing child pornography. The Indictment did not charge Michael with having violated this statute.

§ 2255(b). A thorough review of Michael's motion and the files and records of this case conclusively shows that Michael is not entitled to relief, and the undersigned recommends the denial and dismissal of Michael's § 2255 motion with prejudice.

### A. Legal Standard for Ineffective Assistance of Counsel Claims

To prove a claim of ineffective assistance of counsel, a criminal defendant must demonstrate both that counsel's performance was deficient, and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the deficient performance prong of the *Strickland* test, one must show that counsel's representation fell below the "range of competence demanded of attorneys in criminal cases." *Id*. at 688. Review of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689. Moreover, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690). Courts also "do not use hindsight to question counsel's performance," but instead must analyze it according to counsel's situation at the time of the allegedly incompetent act or omission. *Kenley v. Armontrout*, 937 F.2d 1298, 1303 (8th Cir. 1991). If one fails to establish deficient performance by counsel, the court need proceed no further in its analysis of an ineffective assistance of counsel claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

To establish the prejudice prong of the *Strickland* test, one must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The United States Supreme Court has clarified that the proper prejudice analysis is whether "counsel's errors were so serious as to deprive the defendant

of a fair trial, a trial whose result is reliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (quoting *Strickland*, 466 U.S. at 687).

### B. Failure to Object to Appeal Waiver

Michael first argues that his appeal waiver does not preclude consideration of his other issues, or alternatively, that the appeal waiver was not validly entered. (ECF No. 33, p. 3; ECF No. 35, pp. 3-6). A review of the record shows that Michael never executed a waiver of his right to appeal, and his other conclusory allegations have no merit.

Michael's written Plea Agreement contains no waiver of his right to appeal. (ECF No. 18). In his reply, Michael refers to paragraph 9 of the Plea Agreement. (ECF No. 39, p. 2). That paragraph follows a heading "Waiver of Rights," and it states that Michael "WAIVES all of the rights listed as (b) through (h) of the above paragraph." (ECF No. 18, p. 6). The rights referred to in the waiver are all trial rights (ECF No. 18, ¶ 8, pp. 5-6), not a waiver of Michael's right to appeal. Michael's argument concerning an appeal waiver is entirely misplaced and has no basis in fact in the record.

Michael also argues in his reply that "defence (sic) Counsel at Sentencing never once brought to the Courts (sic) attention that he would be filing an appeal in this Case, the district court Judge never once asked Defence (sic) Counsel will there be a Notice of Appeal filed." (ECF No. 39, p. 3). Such an inquiry is not required, see Rule 11(b)(1), Fed.R.Crim.P.; and, the Court clearly informed Michael of his right to appeal the sentence imposed. (ECF No. 30, p. 2). Further, to the extent Michael's vague allegations now fault his counsel for failing to file an appeal, Michael does not allege that he ever instructed his counsel to file an appeal. *See Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (defendant must show that he manifestly instructed his counsel to

file an appeal).

Michael makes other vague and unsupported arguments in his Memorandum of Law.

He claims the Court erred in calculating the Guidelines range. (ECF No. 35, p. 4). He fails to state any facts in support of that claim, nor does he offer any argument regarding how the Guidelines range was improperly calculated. Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986); *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal).

Michael next claims his counsel failed to object to the appeal waiver prior to sentencing. (ECF No. 35, p. 6). As noted above, the record contains no appeal waiver, so this argument necessarily fails.

Third, Michael states that the signature on the Plea Agreement is not his and is an "unknown signature." (ECF No. 33, p. 11; ECF No. 35, p. 6). At the change of plea hearing on January 21, 2016, Michael stated, under oath, that the signature appearing on page 14 of the Plea Agreement is his. (ECF No. 37, p. 5:10-13). Thus, Michael's allegation denying that the signature on the Plea Agreement is his cannot be accepted as true because it is contradicted by his own sworn statement on the record. *See Evans v. United States*, 200 F.3d 549, 551 (8th Cir. 2000).

Michael's first ground for relief, including its various sub-parts, finds no support in the record and should be dismissed.

### C. Failure to Move to Dismiss the Indictment

Michael next claims he received ineffective assistance due to counsel's failure to move for dismissal of the Indictment on jurisdictional grounds. (ECF No. 33, p. 4). Michael asserts that 18

U.S.C. § 2241(c) is unconstitutional because it exceeds Congress' power to regulate interstate commerce, and that counsel prejudiced him by failing to move to dismiss the Indictment on those grounds. (ECF No. 35, pp. 6-11). Michael's claim that the statute is unconstitutional is procedurally barred. Even if the merits were considered, Michael fails to allege sufficient facts or legal authority to support his claim of ineffective assistance of counsel.

### 1. Procedural Default

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982) (internal citations omitted). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). The circumstances under which a guilty plea may be attacked on collateral review are strictly limited, and "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review *only* if first challenged on direct review, as "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation marks and citation omitted). "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Id*.

Michael pleaded guilty and did not pursue any relief on direct appeal. Despite his contention that he executed an invalid appeal waiver, the record clearly shows that Michael never executed a

waiver of his right to appeal. Michael could have challenged the constitutionality of 18 U.S.C. § 2241(c) in this Court and on appeal. He did not do so. By failing to do so, Michael procedurally defaulted the constitutional claim he now raises.

This procedural default may be excused only if Michael "can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997) (quoting *Bousley v. Brooks*, 97 F.3d 284, 287 (8th Cir. 1996)); *Apfel*, 97 F.3d at 1076; and, *Frady*, 456 U.S. at 167-68. "For cause to exist, the external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

Michael makes no such showing here. He does not allege or demonstrate how the factual or legal basis for his constitutional claim was not reasonably available to him in time to pursue relief in this Court and on direct appeal. His argument is vague, conclusory, and lacking in any meaningful analysis of the constitutional issue he asserts. Further, there is no assertion by Michael that some interference by government officials, or some external impediment, prevented him from raising his constitutional claim in this Court or on direct appeal.

Since Michael has not shown adequate cause to overcome the procedural bar in his case, the Court need not consider the issue of actual prejudice. *Ashker v. Class*, 152 F.3d 863, 871 (8th Cir. 1998) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982)). Even so, Michael has presented absolutely no new, reliable evidence to support his challenge to the voluntary and intelligent nature of his guilty plea. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that

would allow a habeas court to reach the merits of a barred claim." *Schlup v. Delo*, 513 U.S. 298, 316 (1995).

Michael has failed to demonstrate "cause and prejudice" or a "miscarriage of justice" to overcome the procedural default of the constitutional claims he now asserts, and his second ground for relief should also be dismissed.

### 2. Insufficient Factual Allegations

In his § 2255 motion, Michael alleges "[m]otion to dismiss indictment on jurisdictional grounds with support of ineffective assistance of counsel." (ECF No. 33, p. 4). No supporting facts are alleged in the motion. In his Memorandum of Law, Michael asserts that 18 U.S.C. §§ 2241(c), 2251, 2251A, and 2253 are "Unconstitutional on their face and as applied to Petitioner." (ECF No. 35, p. 7). Again, no supporting facts are stated by Michael in support of his conclusory allegation.

As noted above, vague and conclusory allegations are insufficient to support a claim raised under 28 U.S.C. § 2255. *See Hollis*, 796 F.2d at 1046; *Smith*, 677 F.2d at 41. A § 2255 motion must "state the facts supporting each ground." Rule 2(b), Rules Governing § 2255 Proceedings. Doing so requires a petitioner to "state facts that point to a real possibility of constitutional error." Rule 4, Advisory Committee Note, 1976 Adoption, Rules Governing § 2254 Cases (internal citation omitted); Rule 4, Advisory Committee Note, 1976 Adoption, Rules Governing § 2255 Proceedings (referencing the § 2254 Note).

Michael's allegations fall short of setting forth sufficient facts to support his second ground for relief, and it should be summarily dismissed.

### 3. No Ineffective Assistance of Counsel

Much of Michael's Memorandum of Law is focused on a discussion of statutes for which he

was not charged. Michael first discusses 18 U.S.C. §§ 2252 and 2252A, and then he asserts that the reasoning in *United States v. Angle*, 234 F.3d 326 (7th Cir. 2000) "applies with equal force to defendant's commerce clause challenge to the Constitutionality of Section 2241(c) . . ." (ECF No. 35, p. 10). Michael's reliance on *Angle* is misplaced. The Court in *Angle* upheld the constitutionality of 18 U.S.C. § 2252(a)(4)(B) as valid under the Commerce Clause; so, if the reasoning in *Angle* applies to 18 U.S.C. § 2241(c), as Michael contends, then § 2241(c) is constitutional under the Commerce Clause.

Michael fails to cite any other authority to support his claim that § 2241(c) is unconstitutional because it exceeds Congress' authority under the Commerce Clause. Counsel cannot be faulted for failing to make such a hollow challenge to § 2241(c). It cannot be ineffective assistance of counsel not to raise a meritless argument. *Larson v. United States*, 905 F.2d 218, 219 (8th Cir. 1990).

Michael has failed to demonstrate deficient performance on the part of his counsel, and Michael's second ground for relief should be dismissed on this basis as well.

### D. No Evidentiary Hearing Is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen*, 114 F.3d at 703 (quoting *Voytik*, 778 F.2d at 1308). Such are the circumstances in this case. Accordingly, it is recommended that Michael's § 2255 motion be summarily dismissed with prejudice without an evidentiary hearing.

### E. No Certificate of Appealability is Warranted

A Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the applicant has made a substantial showing of the denial of a constitutional right. A "substantial showing" is one

demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present. *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

For the reasons discussed above, Michael has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

### III.  Conclusion

It is recommended that Michael's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 33) be **DISMISSED with PREJUDICE**.  It is further recommended that a request for a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of October, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE